## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

        v.                          :         CRIMINAL NO.   19-192

RANDY LEE SWACKHAMMER       :

### GUILTY PLEA AGREEMENT

Under Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Eastern District of Pennsylvania (hereinafter collectively referred to as the "United States" or "government"), Randy Lee Swackhammer (hereinafter referred to as the "defendant"), and defendant's counsel, enter into the following guilty plea agreement.

         1.       The defendant agrees to plead guilty to Count One of the Information, waiving prosecution by Indictment, charging him with Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. § 1349, and not to contest forfeiture as set forth in the notice of forfeiture charging criminal forfeiture under 18 U.S.C. § 982(b), all arising from a scheme to defraud by causing to be submitted fraudulent claims to Medicare for medically unnecessary prescriptions for durable medical equipment.   The defendant acknowledges that he has read the charges against him contained in the Information and that the charges have been fully explained to him by his attorney.   The defendant further acknowledges his waiver of rights, as set forth in the attachment to this agreement.

1

2.    The defendant agrees to cooperate fully and truthfully with the government as follows:

a.    The defendant agrees to provide truthful, complete, and accurate information and testimony.   The defendant understands that if he testifies untruthfully in any material way he can be prosecuted for perjury.

b.    The defendant agrees to provide all information concerning his knowledge of, and participation in, conspiring to commit health care fraud and any other crimes about which he has knowledge.   The defendant further understands and agrees that: (i) all information and cooperation provided after signing this agreement may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter; and (ii) as of the date of the defendant's entry of a guilty plea, all information provided under any prior off-the-record proffer letter may be used for any purpose, including sentencing, and is not governed by any prior off-the-record proffer letter.   This paragraph is subject to the provisions of paragraph 23 referring to USSG § 1B1.8.

c.    The defendant agrees that he will not falsely implicate any person or entity and he will not protect any person or entity through false information or omission.

d.    The defendant agrees to testify truthfully as a witness before any grand jury, hearing, or trial when called upon to do so by the government.

e.    The defendant agrees to hold himself reasonably available for any interviews as the government may require.

f.    The defendant agrees to provide all documents or other items under his control or which may come under his control which may pertain to any crime.

2

g.       The defendant understands that his cooperation shall be provided to any federal or other law enforcement agency as requested by the government.

h.       To enable the Court to have the benefit of all relevant sentencing information, the defendant waives any rights to a prompt sentencing, and will join any request by the government to postpone sentencing until after his cooperation is complete.

i.       The defendant agrees and understands that this agreement requires that his cooperation regarding any matter about which the defendant has knowledge as of the date of sentencing shall continue, upon the government's request, even after the time that the defendant is sentenced.   The defendant agrees that if the government determines that the defendant has failed to so cooperate following sentencing in this matter, the government may initiate a new prosecution of the defendant for any charges that were dismissed under this agreement, and may use in that prosecution any information provided by the defendant during the course of cooperation.   Further, the defendant agrees that in the event of such a later prosecution, he waives any right to object to prosecution for an offense of which a charge to which the defendant is presently pleading guilty is a lesser included offense, and also waives any defense based on the statute of limitations or the Double Jeopardy Clause.

j.       The defendant understands that it is a condition and obligation of this cooperation agreement that the defendant not commit any additional crimes after the date of this agreement.

k.       The defendant agrees that if the government determines that the defendant has not provided full and truthful cooperation, or has not provided full and truthful information about the defendant's assets, income, and financial status, or has committed any

federal, state, or local crime between the date of this agreement and his sentencing, or has otherwise violated any other provision of this agreement, then the government may at its option: (a) prosecute the defendant for any federal crime including, but not limited to, perjury, obstruction of justice, and the substantive offenses arising from this investigation, based on and using any information provided by the defendant during the course of cooperation; (b) upon government motion, reinstate and try the defendant on any counts which were to be, or which had been, dismissed, based on and using any information provided by the defendant during the course of cooperation; (c) decline to file any motion under USSG § 5K1.1 and/or 18 U.S.C. § 3553(e); (d) withdraw any previously filed motion under USSG § 5K1.1 and/or 18 U.S.C. § 3553(e); (e) be relieved of any obligations under this agreement regarding recommendations as to sentence; and (f) be relieved of any stipulations under the Sentencing Guidelines.   Moreover, the defendant's previously entered guilty pleas will stand and cannot be withdrawn by him.

　　　　　　　　1.　　　　The decision both as to whether the defendant has violated the terms of this agreement and the election of a remedy or remedies will be in the sole discretion of the government.   The defendant understands and agrees that the fact that the government has not asserted a breach of this agreement or enforced a remedy under this agreement will not bar the government from raising that breach or enforcing a remedy at a later time.

　　　　　　　　3.　　　　If the government in its sole discretion determines that the defendant has fulfilled all of his obligations of cooperation as set forth above, at the time of sentencing, the government will:

　　　　　　　　a.　　　　Make the nature and extent of the defendant's cooperation known to the Court.

b.      Move for departure from the Sentencing Guidelines pursuant to USSG § 5K1.1, if the government, in its sole discretion, determines that the defendant has provided complete and substantial assistance in the investigation or prosecution of another person who has committed an offense, including testifying at any trial or proceeding as required.   The defendant understands and agrees that: (1) the government will exercise its sole discretion regarding whether and how to investigate any information provided by the defendant; (2) as of the date of this agreement no determination has been made as to the defendant's eligibility for either a § 5K1.1; and (3) the government may refuse to file a § 5K1.1, and may withdraw any previously filed § 5K1.1 motion, if this plea agreement is breached in any way including the commission of a crime after the date of this agreement.

c.      Make whatever sentencing recommendation as to imprisonment, fines, forfeiture, restitution, and other matters which the government deems appropriate.

d.      Comment on the evidence and circumstances of the case; bring to the Court's attention all facts relevant to sentencing including evidence relating to dismissed counts, if any, and to the character and any criminal conduct of the defendant; address the Court regarding the nature and seriousness of the offense; respond factually to questions raised by the Court; correct factual inaccuracies in the presentence report or sentencing record; and rebut any statement of facts made by or on behalf of the defendant at sentencing.

e.      Nothing in this agreement shall limit the government in its comments in, and responses to, any post-sentencing matters.

f.      The defendant's rights under this agreement shall in no way be dependent upon or affected by the outcome of any case in which he may testify.

5

4.      The defendant understands, agrees, and has had explained to him by counsel that the Court may impose the following statutory maximum sentence:   Count One, in violation of 18 U.S.C. § 1349, is 10 years' imprisonment; 3 years supervised release; a fine that is greater of $250,000 or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571; and a special assessment of $100.   Full restitution of approximately $3,364,048.71, and forfeiture of approximately $139,000 also may be ordered.

5.      The Defendant further understands that supervised release may be revoked if its terms and conditions are violated.   When supervised release is revoked, the original term of imprisonment may be increased by up to 2 years.   Thus, a violation of supervised release increases the possible period of incarceration and makes it possible that the defendant will have to serve the original sentence, plus a substantial additional period, without credit for time already spent on supervised release.

6.      The defendant agrees to pay a fine as directed by the Court.   The defendant further agrees that forfeiture, fine, or other payments in this case do not constitute extraordinary acceptance of responsibility or provide any basis to seek a downward departure or variance from the applicable Sentencing Guideline range.

7.      In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the defendant agrees fully to disclose all income, assets, liabilities, and financial interests, held directly or indirectly, whether held in his own name or in the name of a relative, spouse, associate, another person, or entity, and whether held in this country or outside the country.   Accordingly:

a.     The defendant will promptly submit a completed financial statement to the government, in a form it provides and as it directs.   The defendant promises that his financial statement and disclosures will be complete, accurate, and truthful.

b.     The defendant expressly authorizes the government to obtain a credit report on him in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c.     Upon request by the United States, the defendant also agrees to submit to a financial deposition or interview prior to sentencing, and provide all documents within the defendant's possession or control as requested by the U.S. Attorney's Office regarding the defendant's financial resources and that of the defendant's household.

d.     The defendant agrees not to transfer, assign, dispose, remove, conceal, pledge as collateral, waste, or destroy property with the effect of hindering, delaying, or defrauding the United States or victims.   The defendant otherwise shall not devalue any property worth more than $1,000 before sentencing, without the prior approval of the United States.

e.     The defendant also agrees to execute any documents necessary to release any funds held in any repository, bank, investment, other financial institution, or any other location in order to make partial or total payment toward any monetary penalty that the Court may impose.

f.     If the defendant fails to comply with this paragraph of the plea agreement or if any of the defendant's representations pursuant to the requirements set forth in this paragraph are false or inaccurate, the government may elect to: void this agreement; and/or argue that the defendant is not entitled to a downward adjustment for acceptance of responsibility

7

under Guideline Section 3E1.1.   The government may also elect to: void the forfeiture portion of

the agreement and try the forfeiture before the Court and seek a larger forfeiture; and/or pursue

any and all forfeiture remedies available at law or equity.   The defendant agrees to waive any

right to a trial by jury on all forfeiture issues, and to waive any claim at trial based on any statute

of limitations.

8.      The defendant agrees to pay restitution of approximately $3,364,048.71,

joint and several with his co-conspirators in the health care fraud conspiracy charged in Count

One of the Information in this case.   The defendant agrees that any restitution or fine imposed by

the Court shall be due and payable immediately and on such terms and conditions that the Court

may impose.   In the event the Court imposes a schedule for the payment of restitution or fine, the

defendant understands and agrees that such a schedule represents a minimum payment obligation

and does not preclude the government from pursuing any other means by which to satisfy the

defendant's full and immediately enforceable financial obligation under applicable federal and/or

state law.

9.      The defendant agrees to pay the special victims/witness assessment in the

amount of $100 before the time of sentencing and shall provide a receipt from the Clerk to the

government before sentencing as proof of payment.

10.     The parties agree to the following with respect to the forfeiture of assets:

a.      The defendant agrees to forfeit his right, title, and interest in the

sum of $139,000, which represents the proceeds that he obtained from the offense of conspiracy

to commit healthcare fraud charged in Count One of the Information in this case, as explained in

the Notice of Forfeiture in the Information, and agrees to the entry of a money judgment against

8

him in this amount.   The defendant agrees that if these proceeds are not currently available to the government for forfeiture, the government is entitled to the forfeiture of substitute assets because one or more of the conditions in 21 U.S.C. § 853(p) have been met.

b.      The defendant agrees to the entry of a preliminary order of forfeiture pursuant to Federal Rule of Criminal Procedure 32.2(b) as soon as possible after the guilty plea and before sentencing.   Pursuant to Rule 32.2(b)(3), the defendant further agrees that, upon the request of the government, the preliminary order of forfeiture may be made final before his sentencing.

c.      The defendant agrees that he will cooperate with the government by taking whatever steps are necessary to pass clear title to the United States of the assets listed in this paragraph, including, but not limited to, assisting in bringing any assets, or the proceeds from the sale of assets, located outside the United States within the jurisdiction of the United States, completing any legal documents required for the transfer of assets to the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

11.    The defendant agrees to waive any claims, defenses, or challenges arising under the Double Jeopardy or Excessive Fines Clauses of the Eighth Amendment, resulting from any forfeiture imposed in this case and/or any pending or completed administrative or civil forfeiture actions, and stipulates that such forfeiture is not grossly disproportionate to his criminal conduct.

12.     The defendant may not withdraw his plea because the Court declines to follow any recommendation, motion, or stipulation by the parties to this agreement.   No one has promised or guaranteed to the defendant what sentence the Court will impose.

13.     Pursuant to USSG § 6B1.4, the parties enter into the following stipulations under the Sentencing Guidelines Manual.   It is understood and agreed that: (1) the parties are free to argue the applicability of any other provision of the Sentencing Guidelines, including offense conduct, offense characteristics, criminal history, adjustments, and departures; (2) these stipulations are not binding upon either the Probation Office or the Court; and (3) the Court may make factual and legal determinations that differ from these stipulations and that may result in an increase or decrease in the Sentencing Guidelines range and the sentence that may be imposed. The parties agree and stipulate that:

a.     Pursuant to U.S.S.G. § 2B1.1(a)(2), the base offense level is 6.

b.     Pursuant to U.S.S.G. § 2B1.1(b)(1)(J), a loss of $5,898,180 was caused in furtherance of the criminal activity jointly undertaken by the defendant and co-conspirators, resulting in an increase of 18 levels to the base offense level.   This amount was within the scope of the defendant's agreement; and this amount was reasonably foreseeable to the defendant in connection with the conspiracy.

c.     Pursuant to U.S.S.G. § 3B1.3, the defendant abused a position of public or private trust resulting in a 2-level increase to the offense level.

d.     Pursuant to U.S.S.G. § 2B1.1(b)(7), the offense was a Federal health care offense that caused a loss to a Government health care program in excess of $1,000,000 resulting in a 2-level increase to the offense level.

10

e.      As of the date of this agreement, the defendant has demonstrated acceptance of responsibility for his offense, making the defendant eligible for a 2-level downward adjustment under USSG Section 3E1.1(a).

f.      As of the date of this agreement, the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intent to plead guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, resulting in a 1-level downward adjustment under USSG Section 3E1.1(b).

14.     In exchange for the promises made by the government in entering this plea agreement, the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence, or any other matter relating to this prosecution, whether such a right to appeal or collateral attack arises under 18 U.S.C. § 3742, 28 U.S.C. § 1291, 28 U.S.C. § 2255, or any other provision of law.   As part of this knowing and voluntary waiver of the right to appeal or collaterally attack the conviction and sentence, the defendant expressly waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

a.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of his sentence.

b.      If the government does not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal or petition for collateral relief but may raise only a claim, if otherwise permitted by law in such a proceeding:

(1)     that the defendant's sentence on any count of conviction exceeds

the statutory maximum for that count as set forth in paragraph 4 above;

(2)     challenging a decision by the sentencing judge to impose an

"upward departure" pursuant to the Sentencing Guidelines;

(3)     challenging a decision by the sentencing judge to impose an

"upward variance" above the final Sentencing Guideline range determined by the Court.

If the defendant does appeal pursuant to this subparagraph, no issue may be presented by the

defendant on direct appeal other than those described in this subparagraph.

     c.     Notwithstanding the waiver provision set forth in this paragraph, the

defendant may file a petition for collateral relief under 28 U.S.C. § 2255, but may only raise a

claim that the attorney who represented the defendant at the time of the execution of this

agreement and the entry of the defendant's guilty plea provided constitutionally ineffective

assistance during any part of the representation.

     15.     The defendant acknowledges that filing an appeal or any collateral attack

waived in the preceding paragraph may constitute a breach of this plea agreement.   The

government promises that it will not declare a breach of the plea agreement on this basis based on

the mere filing of a notice of appeal, but may do so only after the defendant or his counsel

thereafter states, either orally or in writing, a determination to proceed with an appeal or collateral

attack raising an issue the government deems barred by the waiver.   The parties acknowledge

that the filing and pursuit of an appeal constitutes a breach only if a court determines that the

appeal does not present an issue that a judge may reasonably conclude is permitted by an

exception to the waiver stated in the preceding paragraph or constitutes a "miscarriage of justice" as that term is defined in applicable law.

16.     The defendant understands and agrees that: (a) the status of any professional license or certification held by the defendant is not protected by this agreement and is a matter solely within the discretion of the appropriate licensing, regulatory, and disciplinary authorities; and (b) the government will inform the appropriate professional licensing, regulatory, and disciplinary authorities in Pennsylvania and other jurisdictions of the disposition of the criminal charges filed against the defendant in this case.

17.     The defendant understands that the government will inform the U.S. Department of Health and Human Services ("HHS") of the disposition of the criminal charges filed against the defendant in this case, and that HHS may exclude the defendant from participation in federal health care programs pursuant to its authority set forth in 42 U.S.C. § 1320a-7.

18.     The defendant waives any claim under the Hyde Amendment, 18 U.S.C. § 3006(A) (Statutory Note), for attorney's fees and other litigation expenses arising out of the investigation or prosecution of this matter.

19.     The defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act, 5 U.S.C. § 552a.

20.    For purposes of criminal prosecution, this plea agreement shall be binding

and enforceable only upon the Fraud Section of the Criminal Division of the United States

Department of Justice and the United States Attorney's Office for the Eastern District of

Pennsylvania.   The United States does not release the Defendant from any claims under Title 26,

United States Code.   Further, this agreement in no way limits, binds, or otherwise affects the

rights, powers, or duties of any state or local law enforcement agency or any administrative or

regulatory authority.

21.    The defendant is satisfied with the legal representation provided by the

defendant's lawyer; the defendant and this lawyer have fully discussed this plea agreement; and

the defendant is agreeing to plead guilty because the defendant admits that he is guilty.

22.    It is agreed that the parties' guilty plea agreement contains no additional

promises, agreements, or understandings other than those set forth in this written guilty plea

agreement, and that no additional promises, agreements, or understandings will be entered into

unless in writing and signed by all parties.   In addition, the prior off-the-record proffer letter

dated **December 20, 2018** is revoked as of the date this plea is entered.

23.    The parties agree that under Guideline Section 1B1.8 that statements and

information provided by the defendant after the defendant began to cooperate with the

government, including off-the-record proffer statements and information, and not otherwise

known to the government prior to the execution of this agreement, will not be used in determining

the applicable sentencing guideline range for both imprisonment and financial penalties, except

that: (a) such statements and information may be used as provided in Section 1B1.8(b), including

its use in making a decision about where within the Guideline range the defendant should be

14

sentenced and in determining whether, and to what extent, a downward departure from the

Guidelines sentence is warranted under Guideline Section 5K1.1 or Federal Rule of Criminal

Procedure 35; and (b) should the defendant make representations at sentencing, either through

testimony or counsel's statements, that are materially different from the information provided

under this agreement, the government may cross-examine the defendant, offer rebuttal evidence,

and make representations based on this information.   This paragraph does not apply to any

criminal acts, or any other acts affecting any Guideline calculation, committed after the defendant

began to cooperate with the government on **January 4, 2019**.


WILLIAM M. MCSWAIN                          ROBERT ZINK
United States Attorney                      Acting Chief
Eastern District of Pennsylvania            Criminal Division, Fraud Section


_____
DENISE S. WOLF
Chief, Criminal Division
Assistant United States Attorney


Date: 3-22-19

ADAM G. YOFFIE
Trial Attorney
Criminal Division, Fraud Section


Date: 3-18-19

_____
RANDY LEE SWACKHAMMER
Defendant


Date: 3-20-2019

_____
WES J. CAMDEN
Counsel for Defendant


15

Attachment

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :

v.                                :     CRIMINAL NO.   19 - 192

RANDY LEE SWACKHAMMER             :


## ACKNOWLEDGMENT OF RIGHTS

I hereby acknowledge that I have certain rights that I will be giving up by pleading guilty.

1.      I understand that I do not have to plead guilty.

2.      I may plead not guilty and insist upon a trial.

3.      At that trial, I understand

        a.      that I would have the right to be tried by a jury that would be selected from the Eastern District of Pennsylvania and that along with my attorney, I would have the right to participate in the selection of that jury;

        b.      that the jury could only convict me if all 12 jurors agreed that they were convinced of my guilt beyond a reasonable doubt;

        c.      that the government would have the burden of proving my guilt beyond a reasonable doubt and that I would not have to prove anything;

        d.      that I would be presumed innocent unless and until such time as the jury was convinced beyond a reasonable doubt that the government had proven that I was guilty;

        e.      that I would have the right to be represented by a lawyer at this trial and at any appeal following the trial, and that if I could not afford to hire a lawyer, the court would appoint one for me free of charge;

        f.      that through my lawyer I would have the right to confront and cross-examine the witnesses against me;

        g.      that I could testify in my own defense if I wanted to and I could subpoena witnesses to testify in my defense if I wanted to; and

h.      that I would not have to testify or otherwise present any defense if I did not want to and that if I did not present any evidence, the jury could not hold that against me.

4.      I understand that if I plead guilty, there will be no trial and I would be giving up all of the rights listed above.

5.      I understand that if I decide to enter a plea of guilty, the judge will ask me questions under oath and that if I lie in answering those questions, I could be prosecuted'for the crime of perjury, that is, for lying under oath.

6.      I understand that if I plead guilty, I have given up my right to appeal, except as set forth in the appellate waiver provisions of my plea agreement.

7.      Understanding that I have all these rights and that by pleading guilty I am giving them up, I still wish to plead guilty.

8.      I acknowledge that no one has promised me what sentence the Court will impose. I am aware and have discussed with my attorney that, at sentencing, the Court will calculate the Sentencing Guidelines range (including whether any departures apply), and then, in determining my sentence, will consider the Guideline range and all relevant policy statements in the Sentencing Guidelines, along with other sentencing factors set forth in 18 U.S.C. § 3553(a), including

(1) the nature and circumstances of the offense and my personal history and characteristics;

(2) the need for the sentence imposed--(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(5) the need to provide restitution to any victims of the offense.

_____

RANDY LEE SWACKHAMMER
Defendant

_____

WES J. CAMDEN
Counsel for the defendant

Dated:    3 - 20 - 2019

3